## Matter of Mojtahedi v Craddock

2025 NY Slip Op 31777(U)

May 15, 2025

Supreme Court, New York County

Docket Number: Index No. 157677/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. LYLE E. FRANK**

*Justice*

PART    **11M**

---------------------------------------------------------------------------------X

IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI

Petitioner,

- v -

CHRISTOPHER CRADDOCK,

Respondent.

---------------------------------------------------------------------------------X

INDEX NO.    157677/2024

MOTION DATE    02/28/2025

MOTION SEQ. NO.    007

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 190, 191, 192

were read on this motion to/for    MODIFY ORDER/JUDGMENT    .

Upon the foregoing documents, respondent's motion is granted in part and denied in part.

## Background

This motion arises out of a dispute over the control and management of RocketStar, Inc., a company that claims to have developed a fusion-enhanced propulsion device for spaceships.

### *The Start of This Proceeding and Events Leading Up to the October Order*

In August of 2024, RocketStar's founder Respondent Christopher Craddock was removed from his position as CEO by a Board meeting and was replaced in that position by one of the company's investors, Petitioner Michael Mojtahedi. The same demand letter issued by the Board directed Respondent to return all company property in his possession. In response, Respondent sent an email purporting to dissolve the Board. He then cut off all employee access to the company's office in the Chrysler Building. Petitioner, along with the other members of the Board, brought this underlying proceeding seeking a court order directing Respondent to return

157677/2024    IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs. CHRISTOPHER CRADDOCK
Motion No. 007

Page 1 of 7

1 of 7

the company property (largely books and records). Petitioner brought the Article 78 proceeding first in the official capacity of CEO, and alternatively, in the capacity as a minority shareholder.

On October 25, 2024, the Court held an evidentiary trial to determine who was in control of RocketStar, hearing testimony from several parties including Petitioner and Respondent. Respondent testified at that trial that he would provide access to the books and records of the company if ordered. The Court ruled from the bench, denying the Respondent's counterclaim and granting the petition. In an order dated October 28, 2024 (the "October Order"), the Court directed Respondent to turn over the books and records sought in the petition within seven days. Respondent did not seek a stay of the October Order, nor did he perfect his appeal of it.

### *Respondent's Contempt of Court Chronology and the Delaware Action*

Respondent did not provide any of the required books and records by the required deadline. The day after the October Order was issued, Respondent and other shareholders purported to appoint four new members to the Board, in their capacity as shareholders. Petitioner's position is that the company bylaws require that only the current Board can expand the size of the board, and Respondent's position is that the four new seats had actually been vacant since the company's founding and therefore shareholders were entitled to appoint the new members. The new Board, without the participation of the two Board members who had joined Petitioner in bringing this proceeding, passed a resolution purporting to direct Petitioner to withdraw the already granted petition and to "take other such action so that the [October Order] is hereby vacated, satisfied, or disposed." Respondent did not file any motion with this Court to stay or vacate the October Order.

Petitioner moved to hold Respondent in contempt, and a hearing on the matter was held in December of 2024. The Court granted the motion after the hearing (in the "Contempt Order"),

157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.        Page 2 of 7
CHRISTOPHER CRADDOCK
Motion No.  007

[* 2]

2 of 7

finding that the resolution passed did not justify Respondent's contempt but rather reinforced a finding of contempt. The Contempt Order gave Respondent five days to purge himself of contempt, and held that if he did not, then within fifteen days Petitioner could apply for an arrest warrant. The Contempt order also directed Respondent to reimburse Petitioner for attorneys' fees.

Instead of purging himself of contempt, six days after the Contempt Order was issued Respondent filed an action with the Delaware Court of Chancery to determine whether Respondent's appointment of new board members and the resulting resolution making Petitioner CEO was valid. The Court of Chancery issued a status quo order on December 13th, declaring that Respondent was CEO, and that the original three-member Board was the only directors of the company, pending the resolution of the Delaware Action. On December 23rd, Petitioner applied for an arrest warrant as Respondent had failed in any way to comply with the Contempt Order. A hearing on the matter of the warrant was held on January 13, 2025. Despite having notice, neither Respondent nor his counsel appeared. The Court signed the warrant of arrest after the hearing. Respondent's counsel stated that the notice of hearing had been sent to his old email address and the warrant was paused while the parties appeared before the Court later that month. When neither Petitioner nor the other two original Board members (all of whom had resigned from the Board by this time) appeared in the Delaware action, a default judgment in Respondent's favor was issued by the Delaware Court of Chancery on January 31, 2025. This order stated that the Respondent was CEO of RocketStar and that the three new board members were validly elected as directors.

**Discussion**

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs. CHRISTOPHER CRADDOCK**
**Motion No.  007**

**Page 3 of 7**

[* 3]

3 of 7

Respondent brings the present motion to vacate. He is seeking to be relieved from the October Order directing him to turn over books and records, the Contempt Order, the arrest warrant and the order of commitment, and the order granting Petitioner attorneys' fees. He is also seeking an order directing the return of company property in Petitioner's possession. Petitioner opposes. For the reasons that follow, to the extent that orders in this matter direct Respondent to turn over company property they are vacated. Petitioner has agreed to arrange a messenger service to turn over company property to Respondent, so this portion of the motion will also be granted. But the order to pay attorneys' fees as a result of Respondent's clear contempt of court will stand and the portion of the motion requesting vacatur of that order will be denied.

## Contempt

Addressing the contempt issue first, the Court finds that Respondent has persistently acted in blatant contempt of this Court's orders. Despite having legal avenues available to him to appeal, stay, or otherwise challenge orders issued in this proceeding, Respondent has substituted his judgment for this Court's. He has acted on the assumption that his interpretation of Delaware law (as applicable to RocketStar's corporate governance) would insulate him from the need to address or comply with orders issued by a New York court. Respondent testified under oath that he would turn over books, records, and company property. Instead of doing so in compliance with an order issued by this Court, he issued his own 'order' in the form of a resolution that purportedly absolved him of the need to comply with the Court order or his statement under oath. The Court notes that it is not aware of any authority that stands for the proposition that a board resolution has the power to countermand and nullify a direct order from the New York State court system. When Respondent was held in contempt and given the opportunity to purge

157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.                    Page 4 of 7
CHRISTOPHER CRADDOCK
Motion No.  007

4 of 7

himself of his contempt, he instead sought only to have his appointments to the Board and reinstatement to position as CEO confirmed by another court, brazenly refusing to comply with this Court's orders or to turn over property that he swore under oath that he would.

No matter how the Delaware Court ultimately ruled on the shareholder election of board members, that did not and cannot retroactively absolve Respondent of his persistent refusal to comply with this Court's orders. All elements of contempt were found at the time the order was issued, and Respondent did not attempt to avail himself of any legal avenue to relieve himself of the Contempt Order. Contrary to Respondent's arguments, Petitioner had a good-faith basis in the interpretation of the bylaws to contest the appointment of the new board members, and regardless of that appointment's validity, a board resolution on its own cannot overrule a court order. Given that the Delaware court has held that Respondent is the CEO, this Court will no longer hold him in contempt for failure to turn over company records. But Respondent was in blatant contempt up until at least the January 2025 issuance of the Delaware final order, if not until he brought this present motion seeking relief from this Court's orders in this Court instead of a boardroom. Therefore, the Court will not be vacating the order dated January 31, 2025, directing Respondent to pay Petitioner the sum of $46,566.00 in attorneys' fees. That order will stand.

## Books and Records

Respondent argues that due to the change in circumstances, he should no longer be under order to turn over books and records and other company property. As he is currently the legal CEO of RocketStar, the Court agrees and will to this extent grant the request to vacate previous orders in this proceeding. Pursuant to CPLR § 5015, the court that has rendered an order may relieve a party from it upon such terms as may be just. As Respondent is currently a company

**157677/2024 IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs. CHRISTOPHER CRADDOCK**
**Motion No. 007**

**Page 5 of 7**

5 of 7

employee and CEO, it would not be just or in good sense to continue to require him to turn over company property to Petitioner, who is no longer employed by RocketStar. Petitioner has argued that as a shareholder, he is entitled to certain books and records. There are two issues with this argument. First, Petitioner specifically stated in the October evidentiary trial that he was moving in the capacity of company CEO not shareholder, and it was in this capacity that the Court found he was entitled to the company property. Secondly, it is undisputed that there has been no formal shareholder request made for books and records, and the Court will not be issuing an order that would so overlook the Delaware corporate formalities that direct RocketStar's corporate governance. Therefore, to the extent that that previous orders in this proceeding directed Respondent to turn over books and records or holds him in contempt from this date moving forward for failure to do so, the orders will be vacated.

Respondent has also requested that Petitioner be ordered to return company property that was obtained by court order during the period after the October Order was issued. Petitioner acknowledges that he is no longer an employee of the company and counsel has represented that they are willing to arrange for a messenger service to return the company computers and hard copy files in Petitioner's possession to Respondent. Accordingly, it is hereby

ADJUDGED that the motion is granted in part and is denied as regards the order of this court dated January 31, 2025 (NYSCEF # 168); and it is further

ORDERED that the Clerk of the Court shall enter judgment in favor of petitioner Michael Mojtahedi and against respondent Christopher Craddock in the sum of $46,566.00 representing reasonable attorneys' fees; and it is further

ORDERED that the orders of this court dated October 28, 2024 (NYSCEF # 61 and 62) and December 05, 2024 (NYSCEF # 120) are vacated to the extent that they require respondent

**157677/2024 IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs. CHRISTOPHER CRADDOCK Motion No. 007**

**Page 6 of 7**

[* 6]

6 of 7

Christopher Craddock to turn over books, records, and other RocketStar Inc. company property; and it is further

ORDERED that the order of this court dated December 05, 2024 (NYSCEF # 120) is hereby vacated to the extent that it holds respondent Christopher Craddock in contempt past the date of this order; and it is further

ADJUDGED and ORDERED that the orders of this court dated January 13, 2025 (NYSCEF # 155 and 156) are hereby vacated; and it is further

ORDERED that the petitioner Michael Mojtahedi or his counsel return RocketStar company property currently in his possession that was removed on November 6, 2024, within ten days of the date of the date of this order.

20250515125028LFRANK09C60ZC4F8604792945D6F87B2054E98

| 5/15/2025 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LYLE E. FRANK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | X GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157677/2024   IN THE MATTER OF THE APPLICATION OF MICHAEL MOJTAHEDI vs.**                    **Page 7 of 7**
**CHRISTOPHER CRADDOCK**
**Motion No.  007**

[* 7]

7 of 7